FILED
United States Court of Appeals
Tenth Circuit

May 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JEROME C. VETAW,

  Defendant-Appellant.

No. 12-3071
(D.C. No. 5:11-CR-40107-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **MATHESON**, Circuit Judges.


After entering into a plea agreement that included an appeal waiver, Jerome C.

Vetaw pleaded guilty to possession with intent to distribute less than 50 kilograms of

marijuana in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Vetaw

waived among other things "the right to appeal the sentence imposed . . . except to

the extent, if any, the court departs or varies upwards from the applicable sentencing

guideline range determined by the court." Plea Agreement at 9. Vetaw was

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to 77 months' imprisonment, which was at the low end of the advisory Guidelines range.

Vetaw has filed a notice of appeal that raises the issue of whether he qualified for sentencing under the career offender guidelines. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Vetaw's lawyer has filed a response in which he says that he "is aware of no non-frivolous grounds upon which to oppose the Government's motion." Resp. at 1.

Our independent review confirms that the proposed issue for appeal falls within the scope of the waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Vetaw did not knowingly and voluntarily accept the waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice.

The motion to enforce is GRANTED and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM